UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR TOBON ALVAREZ, Petitioner, v. BRUCE SCOTT et al., Respondents. | CASE NO. 2:26-cv-03634-DGE<br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

The Court GRANTS the petition for writ of habeas corpus (Dkt. No. 1) and orders Petitioner's release subject to reasonable conditions of supervision. The Court finds the immigration judge abused their discretion in denying bond and, as a result, Petitioner's bond hearing was constitutionally deficient.

Petitioner is a native and citizen of Mexico who has been living in the United States since 2001.[1] (Dkt. Nos. 1 at 3; 11 at 2.) Petitioner has three United States citizen children ages 19, 15

[1] Prior to this date, Petitioner was granted voluntary return to Mexico on February 1, 1999 and October 10, 2000. (Dkt. No. 10-1 at 4.)

and 9. (Dkt. Nos. 1 at 3; 3 at 10–12.) He lives with the mother of his children, who is a United States citizen, and together they are raising their children. (Dkt. Nos. 1 at 3; 3 at 21–22.) Petitioner's mother is a legal permanent resident;[2] his brother is a United States citizen, and he has numerous siblings, aunts, uncles, nieces, and nephews who are United States citizens or lawful permanent residents. (Dkt. No. 1 at 3.) It appears Petitioner has maintained steady employment and filed tax returns. (*See* Dkt. No. 3 at 28–172.)

Petitioner was convicted of driving under the influence, a gross misdemeanor, on November 19, 2000. (Dkt. No. 3 at 8.) He also was arrested sometime in 2007 for driving under the influence, but apparently entered into a "deferred prosecution" agreement whereby he completed all court-ordered requirements; presumably resulting in the dismissal of the criminal charge.[3] (Dkt. No. 1 at 11.)

On July 6, 2026, Petitioner was detained while loading groceries into his car at Walmart and transferred to the Northwest ICE Processing Center, where he was placed in removal proceedings. (Dkt. Nos. 1 at 3–4, 11 at 3.) On September 15, 2026, an Immigration Judge ("IJ") denied Petitioner's application for Cancellation of Removal and ordered him removed to Mexico. (Dkt. No. 1 at 4, 10-4.) Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA"), which remains pending. (Dkt. No. 11 at 4.)

---

[2] The Court acknowledges that at Petitioner's bond redetermination hearing, the Government argued Petitioner had failed to provide evidence of his mother's lawful status. (Dkt. No. 10-7 at 11:18–11:28.) The Government does not, however, raise that argument in these proceedings, so the Court accepts Petitioner's assertion regarding his mother's status.

[3] The petition identifies Petitioner was convicted in 2007 for driving under the influence. (Dkt. No. 1 at 11.) However, the report from the Washington State Patrol does not identify a 2007 conviction, only the 2000 conviction (*see* Dkt. No. 3 at 8) and Respondents do not assert Petitioner was convicted in 2007 (*see* Dkt. No. 11).

Petitioner filed a first petition for writ of habeas corpus, *Oscar Tobon Alvarez v. Bruce Scott, et al.*, 2:26-cv-02561, on July 21, 2026. (Dkt. No. 11 at 3.) The Court determined Petitioner was a member of the *Rodriguez-Vasquez* Bond Denial Class, and granted his request for habeas relief on August 12, 2025, ordering Respondents to either provide Petitioner with a bond hearing or release him. (Dkt. Nos. 1 at 4, 11 at 3.)

On September 16, 2026, Petitioner appeared for his bond redetermination hearing. (*Id.* at 3.) Petitioner submitted more than 180 pages of documents in support of his request for bond, including a letter from his sponsor, proof of residence ownership, copies of his tax returns, copies of his children's birth certificates, and letters of support from Petitioner's community. (Dkt. No. 3.) IJ Traci Winder denied Petitioner's request for bond, finding that he was both a flight risk and a danger to the community with an order that consisted only of a checked box. (Dkt. No. 10-6.) At the bond hearing, IJ Winder stated the basis for her ruling as follows:

> "The Court is denying bond. The Respondent failed to meet his burden of proof to show by a preponderance of the evidence that he is not a flight risk due to his flagrant disregard for the immigration laws as well as the fact that his application was denied for cancellation of removal. Additionally, the Court finds that the Respondent failed to meet his burden of proof to show that he is not a danger to the community based on his two prior DUIs."

(Dkt. No. 10-7 at 13:54-14:30.)

The issues presented in this case are familiar; the allegations and the evidence identify that IJ Winder failed to engage the evidence presented at the bond hearing and otherwise failed to apply the applicable factors for evaluating eligibility for release. *See Barragan Jimenez v. Hernandez et al.*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 at *2 (W.D. Wash. Sept. 23, 2026) (collecting cases involving various immigration judges failing to engage the evidence presented at a bond hearing). For the reasons identified in prior decisions from this Court, *see*

*id.*, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement.

The Court also finds the bond hearing in this case was constitutionally deficient. IJ Winder vaguely referenced in her oral decision Petitioner's "flagrant disregard for the immigration laws" as the basis for finding flight risk. (Dkt. No. 10-7 at 13:58–14:30.) Presumably, IJ Winder was referring to Petitioner's reentries into the United States in 2000 after having been granted voluntary departure. But IJ Winder failed to provide any analysis or explanation as to why unlawful reentry into the United States over 25 years ago can support a finding of flight risk *today* considering Petitioner's strong family and community ties and his otherwise law-abiding conduct during the past almost two decades. IJ Winder also offers no rationale as to why a person, who has United States children who are emotionally and financially dependent, would likely choose to disregard removal proceedings rather than remain engaged in those removal proceedings considering the possibility, however low, of obtaining lawful status.

As for IJ Winder's conclusion of danger to the community, IJ Winder failed to provide any analysis as to why an over 25-year-old misdemeanor conviction and a nearly two-decades-old deferred prosecution agreement could *today* support a finding of danger to the community.

Furthermore, while IJ Winder evidently focused on Petitioner's 25 years old immigration and criminal history, there is nothing to indicate IJ Winder weighed the additional *Guerra* factors in denying bond. *See Matter of Guerra*, 24 I. & N. 37, 40 (BIA 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020). Here, Petitioner identifies he has been in the United States for more 25 years, has a fixed residence in Kennewick, Washington, and plans to reside with his partner and sponsor, the mother of his children and a naturalized United States citizen, if released. (Dkt. Nos. 1 at 10; 3 at 21-22.) Petitioner has filed tax returns, consistently worked to

support his family, and there is no evidence he has ever attempted to flee prosecution or law enforcement. (Dkt. No. 3.) He has three United States citizen children and a stepson he has helped raise from childhood, all of whom are United States citizens. (*Id.* at 10-13; Dkt. No. 10-7 at 7:30-7:40.) Petitioner's youngest son has been struggling mentally since Petitioner was detained, though the family is not able to afford the recommended counseling after the loss of Petitioner's financial support. (Dkt. No. 3 at 21–22.) IJ Winder provided no discussion of why she determined these factors were outweighed by decades-old immigration and misdemeanor criminal history.

The Court concludes IJ Winder abused her discretion by failing to apply the *Guerra* factors to the evidence presented at the bond hearing and violated due process in doing so. *See Barragan Jimenez* (collecting cases).

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).

4. Within TWENTY-FOUR (24) HOURS of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody and SHALL file a copy of the conditions of supervision.

Dated this 23rd day of October 2026.

David G. Estudillo
United States District Judge